**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| **D.A. REALESTATE INVESTMENT, LLC,** ) | |
| an inactive Virginia limited liability company, ) | |
| ) | |
| and ) | |
| ) | |
| **DANNY FOX** ) | |
| an individual and active-duty servicemember ) | |
| and owner of D.A. Realestate Investment, LLC, ) | |
| ) | |
| **Real property known as** ) | |
| **Tax Parcel No.: 49314300** ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 2:21-cv- |
| ) | |
| **CITY OF NORFOLK,** ) | |
| a municipal corporation, ) | |
| ) | |
|     Defendant. ) | |
| ) | |
|     Serve:  Bernard Pishko, Esq. ) | |
|               CITY OF NORFOLK ) | |
|               800 Union Street, Suite 900 ) | |
|               Norfolk, VA 23510 ) | |

## COMPLAINT

Plaintiff, D.A. Realestate Investment, LLC, by counsel, moves this Court to declare that

Defendant destroyed Plaintiff's house and garage located at 615 Walker Avenue in Norfolk

without procedural due process, in violation of the Servicemember's Civil Relief Act, and in

violation of the Fourth and Fifth Amendments of the United States Constitution.

## Nature of Action and Jurisdiction

1.      This case is a civil action under 42 U.S.C. § 1983 asserting a violation of the Fifth

and Fourteenth Amendments to the United States Constitution, as well as under 50 U.S.C. §

4042 in which the Plaintiff seeks relief from the lien imposed on its real estate for the destruction

of the house and garage thereon by the Defendant, City of Norfolk, without Due Process in

violation of the Fifth and Fourteenth Amendments to the United States Constitution, and without

regard for its sole member's status as an active-duty servicemember.

      2.      The City sent purported violation notices to Plaintiff that were not calculated to

reach somebody on active duty with United States Special Operations Command overseas.

      3.      The City continued to send violation notices to Plaintiff's owner's personal

address after having mail returned to sender.  The City never served the Plaintiff in person.

      4.      The City found Plaintiff in default for failure to respond to its notice of violation,

which the City knew the Plaintiff never received, and proceeded to destroy its property.

      5.      The City liened Plaintiff's real estate for costs incurred to demolish the property.

      6.      This Court's jurisdiction is proper under 42 U.S.C. § 1983 and 28 U.S.C. § 1331

as the action is brought under the Constitution of the United States.

      7.      Venue is proper as the real property at issue is located in the City of Norfolk

which is within the jurisdiction of the Norfolk Division of the Eastern District of Virginia.

## PARTIES

      8.      D.A. Realestate Investment, LLC, is a Virginia limited liability company licensed

to do business in the City of Norfolk.  D.A. Realestate Investment, LLC owns real property in

the City of Norfolk located at 615 Walker Avenue, identified as GPIN: 1436287845.

      9.      Danny W. Fox is a resident of Kodiak, Alaska and an active-duty servicemember.

Mr. Fox is the single owner, shareholder, and director of an inactive Virginia company - D.A.

Realestate Investment, LLC.

      10.      The City is a municipal corporation operating in the City of Norfolk.

## FACTUAL ALLEGATIONS

11.     At all times relevant, Mr. Fox was and is an active-duty servicemember.

12.     On June 9, 2015, Mr. Fox purchased real property located at 615 Walker Avenue for $65,000 with intent to renovate the house on the property and sell it for a profit.

13.     This property was improved with a house and garage, which combined were assessed at $156,000 for fiscal year 2015/2016 and $152,900 for fiscal year 2016/2017.

14.     On August 19, 2016, Mr. Fox transferred title of the subject property to Plaintiff.

15.     On December 19, 2016, the City photographed the house located at 615 Walker:





16.     On December 21, 2016, the City sent Mr. Fox and Plaintiff separate Notices of

Violation, both to Mr. Fox's personal address, stating that an inspection found violations of the

Virginia Maintenance Code.  The same day, the City reported the violations as resolved and the

case had been closed in its Code Enforcement Report of December 21, 2016.

17.     Mr. Fox was deployed overseas from December 2016 through March 2017.

18.     The letter the City sent to Plaintiff failed to deliver and was returned to sender.



19.     The Certified Mail Return Receipt for the letter was never signed:



20.     Mr. Fox likewise never received the notice directed to him personally.

21.     On May 11, 2017, the City sent Plaintiff a letter stating that Plaintiff had made

insufficient progress on repair of the property.  City photograph of house on May 9, 2017:



615 Walker Ave Follow UP inspection _2C Jackson

22.     This May 11, 2017, letter was not delivered and returned to sender.

5



23.     In Spring 2018, the subject property was struck by a car which damaged its porch.

24.     Mr. Fox performed necessary repairs to the porch caused by the car accident.

25.     On June 5, 2018, the City sent Plaintiff a Notice of Violation stating that the

house on the property was unsafe and uninhabitable, and that it must be repaired or demolished

within thirty days.  Neither Mr. Fox nor any agent of Plaintiff received the letter.

26.     The property was secure and in no danger of falling or causing harm to the public.

27.     On July 12, 2018, the City made its Demolition Checklist for the subject property

citing the December 2016, communication, returned to sender, as the date of demolition notices:

THE CITY OF.
# N⬤RFOLK
NEIGHBORHOOD DEVELOPMENT

## Demolition Checklist

**Date:**

July 12, 2018

**Address:** 615 Walker Avenue

**Case Number:**

**Case Type:** USBC Demolition

| Case Origination Owner | Danny W. Fox | | | | |
|---|---|---|---|---|---|
| Current Owner | Da Real Estate Investment LLC | | | | |
| Date Notice Posted (circle) | Picture | O Yes -Date | VMC Placard 12/21/16 | USBC 12/21/16 | DS Notice __/__/__ |
| VMC Placard / USBC / DS Notice | | O No-Reason | Reissued 6/15/18 | | |
| Date Certified Notice(s) Issued | Date: 12/22/2016 July 2016 | Date Demolition Notice(s) Issued | Date: 12/22/2016 | | |
| Alternate Research | Water Accounts | DMV | | Tax | Clear |
| Final Posting Picture | Date ____/____/____ | | | | |
| Under Court Action | O Yes  O NO | Court Action/Results | | | |
| Attorney Comments | | | | | |
| Other Information (Specify) | Car ran into property may 2018 email owner. | | | | |

28. On July 20, 2018, the City conducted an inspection of Plaintiff's property, entering the secured structures without Plaintiff's or Mr. Fox's authorization.

29. The City acknowledged that the property was not vacant and open on its Derelict Structure Score Sheet.



**Derelict Structure Score Sheet**

*The score sheet is to assist the Department of Neighborhood Development prioritize properties being designated as a Derelict Structure. Properties that meet the **minimum score of 70**, based on this evaluation, will be designated as a Derelict Structure.*

**Property Address:**

615 Walker Ave. Norfolk VA 23523

| Ordinance Requirement* | Score | Yes | No | Notes |
|---|---|---|---|---|
| Has the property been vacant for over six (6) months? | 15 | ✓ | | |
| Are the windows or doors boarded up on the property? | 15 | ✓ | | |
| Has the property been legally disconnected from a utility provider, electric or water, for six (6) months? | 15 | ✓ | | water Disconnected 6·11·15 |
| **Code Enforcement** | | **Yes** | **No** | **Notes** |
| Has the property been called into the Impact Call Center in the last six (6) months? | 5 | ✓ | | 017·05180 |
| Has the property been monitored by a code enforcement inspector for more than six (6) months? | 5 | ✓ | | |
| Does the property have active code violation(s) against it? | 5 | ✓ | | INS·04019717 |
| Is the property labeled as: Vacant and Open (VO), Board Up (BUP), or Placard (CEP)? | 3 | | ✓ | |
| Does the property also have violations of: Tall, Weeds, & Grass (TWG) or Trash and Debris (TAD)? | 3 | | ✓ | |
| Has the property owner been contacted via regular or certified mail about the code enforcement case against his or her property in the last six (6) months? | 5 | ✓ | | |

30.     Upon information and belief, the City entered Plaintiff's property without a warrant or police officer's presence, and without legal authority.

31.     During the inspection, the City observed in-progress construction being done on the property in accordance with Mr. Fox's email of May 19, 2018.

32.     On December 13, 2018, the City's contractors demolished 615 Walker Avenue.

33.     Mr. Fox never had any knowledge of the pending destruction of his property. He went to the property after its destruction and found that it was gone.

34.     The City has liened the subject property for the costs of demolition totaling more than twenty-five thousand dollars ($25,000.00).

**FIRST CAUSE OF ACTION**
**Violation of Procedural Due Process under the**
**Fifth and Fourteenth Amendments to the United States Constitution**

35.    All prior allegations set forth in this Complaint are incorporated by reference.

36.    "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount." *Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972).

37.    "At bottom, procedural due process requires fair notice of impending state action and an opportunity to be heard." *Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140, 146 (4th Cir. 2014).

38.    To be proper, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" and not a "mere gesture." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950).

39.    "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315.

40.    The City mailed all correspondence regarding the violations to Mr. Fox's personal address, except for the May 2017 letter, which was sent to Plaintiff's registered agent.

41.    The City sent notices to that address after having mail returned as undeliverable.

42.    The City bases its demolition on the notice sent in December 2016, which was sent to Mr. Fox's personal address while Mr. Fox was overseas on deployment.

43.    Mr. Fox nor Plaintiff never received this notice and it was returned to sender.

44.     The final notice sent to Plaintiff through Mr. Fox on June 5, 2018, stated that the structure was unsafe and uninhabitable and told Plaintiff it had fourteen (14) days to appeal the City's findings – this despite an email from Mr. Fox in May explaining the work will take 3-4 months.  Neither Mr. Fox nor Plaintiff received this notice in the mail nor was it emailed to him.

45.     At all times relevant, Mr. Fox has been an active-duty servicemember.  Upon information and belief, the City was aware of this fact while sending its notices.

46.     The City only once attempted to send a notice to Plaintiff's registered agent, which attempt failed and the letter was returned to sender.

47.     The City did not serve the notices of violation by personal service as required by the building code prior to demolishing a structure.

48.     Under the circumstances, sending notice by certified mail to Plaintiff's owner's personal address while he was on active duty was not calculated to reach Plaintiff.

49.     This Court should declare that the City did not provide Plaintiff with notice reasonably calculated to apprise its only officer – Mr. Fox – of the pendency of a USBC violation while Mr. Fox was on active deployment overseas or the opportunity to appear and defend against the claims, and the lien on the property should be released.

## SECOND CAUSE OF ACTION
### Violation of the Servicemember's Civil Relief Act
### under 50 U.S.C. § 4042

50.     All prior allegations set forth in this Complaint are incorporated by reference.

51.     The Servicemember's Civil Relief Act ("SCRA") applies to each of the States, including political subdivisions thereof.  50 U.S.C. § 3912.

52.     SCRA applies to "any judicial or administrative proceeding commenced in any court or agency in any jurisdiction" subject to the Act.  *Id.*

53.     SCRA provides that any person aggrieved by a violation thereof may "(1) obtain

any appropriate equitable or declaratory relief with respect to the violation" and "(2) recover all

other appropriate relief, including monetary damages." *Id.* § 4042(a).

54.     SCRA protects a servicemember from default entered against him during his

period of military service and requires reopening the proceeding if "(A) the servicemember was

materially affected by reason of that military service in making a defense to the action; and (B)

the servicemember has a meritorious defense to the action or some part of it." *Id.* § 3931.

55.     SCRA "is always to be liberally construed to protect those who have been obliged

to drop their own affairs to take up the burdens of the nation." *Boone v. Lightner*, 319 U.S. 561,

576 (1943).

56.     SCRA may extend beyond the servicemember in his personal capacity and protect

him when acting in a representative capacity, *see Wilcox v. Les Schwab Tire Ctrs. of Or., Inc.*,

293 Ore. App. 452, 457 (2018), or as the sole owner of a corporation, *see Application of Pickard*,

187 Misc. 400, 401 (N.Y. Sup. Ct. 1946) (internal citations omitted).

57.     Plaintiff from December 2016 to present day is engaged in military service with

the United States Strategic Operations Command.

58.     The City's letter of June 5, 2018, gave Plaintiff fourteen (14) days to "appeal" the

City's determination that his property was unsafe and uninhabitable.

59.     Although referred to as an "appeal," Plaintiff had no opportunity to represent its

interests in the initial determination, and the "appeal" was Plaintiff's only opportunity to defend

itself against the City's allegations.

60.     Plaintiff never received this notice and was unable to respond within fourteen (14)

days and defaulted.

61.     After Plaintiff's default, the City proceeded to demolish Plaintiff's property which was in the process of being renovated without notice and placed a lien over its real estate.

62.     Mr. Fox's status as an active-duty servicemember prevented him from receiving the City's initial notice which served as the basis for the destruction of the property.

63.     Plaintiff had meritorious defenses against the City's conclusions, including that the house was safe and not a danger to the public and also that the property was secure.

64.     This Court should declare that the City violated the Servicemember's Civil Relief Act by treating Plaintiff as being in default of his opportunity to defend his interests despite being on active duty and release the lien imposed upon his property as a result of the default.

## THIRD CAUSE OF ACTION
### Declaratory judgment for violation of
### Fourth Amendment to United States Constitution

65.     All prior allegations set forth in this Complaint are incorporated by reference.

66.     The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."

67.     "[T]he Fourth Amendment applies to searches and seizures in the civil context and may serve to resolve the legality of these governmental actions without reference to other constitutional provisions." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 51 (1993).  It "protects generally '[t]he right of the people to be secure.'" *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 641 (1989) (Marshall, J., dissenting).

68.     To determine whether a search or seizure is reasonable, the Supreme Court has stated that the only test is to balance the government's need to search or seize against the

invasion which the search or seizure entails. *Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 537 (1967).

69.     Plaintiff's house and garage located on the subject property were structurally sound and in the process of being restored.  The structures did not pose any risk of falling down or otherwise causing harm to the public.

70.     The City searched the residence without a warrant despite authority to obtain one.

71.     The City's need to search the residence did not result from exigent circumstances – the property was structurally safe and not disposed to failure causing harm to the public.

72.     The City's need to seize Plaintiff's property was minimal if not nonexistent because it posed no public threat and was not a nuisance.

73.     The City's invasion of Plaintiff's interest caused the destruction of its house and garage, which the City valued at more than $150,000 before destroying.

74.     The City's need to seize Plaintiff's property was nominal as compared to the invasion of Plaintiff's property rights that it imposed.

75.     This Court should declare that the City's destruction of Plaintiff's property constituted an unconstitutional unreasonable seizure.

76.     This Court should declare that the City's search of the property constituted an unreasonable search without a warrant.

77.     This Court should impanel a jury to determine the damages due to Plaintiff for the unreasonable seizure of its property.

**FOURTH CAUSE OF ACTION**
**Taking of private property for public use**
**without just compensation in violation of**
**Fifth Amendment to United States Constitution**

78.     All prior allegations set forth in this Complaint are incorporated by reference.

79.     An inverse condemnation claim has four elements: (1) private property interest, (2) that interest is taken or damaged by a government entity with condemnation authority, (3) the taking or damaging was for public use, and (4) the government failed to pay just compensation. *Kitchen v. Newport News,* 275 Va. 378, 386 (2008); *Close v. City of Norfolk*, 82 Va. Cir. 636, 640 (Norfolk 2009).  The City has condemnation authority. *See* Va. Code § 15.2-1901.1.

80.     Elimination of blight is a public use where the property itself is blighted. Va. Code § 1.219.1.  The Code defines "blighted property" as "any property that endangers the public health or safety in its condition at the time of the filing of the petition for condemnation and is (i) a public nuisance or (ii) an individual commercial, industrial, or residential structure or improvement that is beyond repair or unfit for human occupancy or use." *Id.*

81.     The City of Norfolk found the structures on the subject property to be unsafe and uninhabitable, meeting the standard for "blight."

82.     The City violated the implied contract to pay compensation for the property taken and damaged, as the City made no payment to the Plaintiffs at all.

83.     The Court should impanel a jury to decide that the City has taken the house and garage once located on Plaintiff's property without just compensation and damaged property not taken.  *See City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 722 ("As is often true in § 1983 actions, the disputed questions were whether the government had denied a constitutional right in acting outside the bounds of its authority, and, if so, the extent of any resulting damages. These were questions for the jury."); *Livingston v. City of Fairfax,* 284 Va. 140, 157 (2010) ("But it is for a jury — not us — to determine the cause of the damage to the Plaintiffs' homes."); *Heldt v.*

*Elizabeth River Tunnel Dist.,* 196 Va. 477, 483-84 (1954) (discussing the jury's responsibility to determine liability).

84.     This Court should impanel a jury to determine just compensation, and the Plaintiffs should be awarded just compensation pursuant to 42 U.S.C. § 1983.

## FIFTH CAUSE OF ACTION

### Taking of private property for public use without just compensation in violation of Article I, § 11 of the Virginia Constitution and Va. Code § 8.01-187

85.     All prior allegations set forth in this Complaint are incorporated by reference.

86.     For the reasons stated in the Fourth Cause of Action, the City took and damaged Plaintiff's property without providing just compensation pursuant to Article I, § XI of the Virginia Constitution and Va. Code § 8.01-187. In addition to requiring just compensation for the taking of property, the Virginia constitution also provides for just compensation when property is damaged for a public use. Va. Const. Art. I, § XI ("No private property shall be damaged or taken for public use without just compensation to the owner thereof.").

87.     The Code of Virginia lists elimination of blight for which a municipality may acquire land. Va. Code §§ 1.219.1, 15.2-1800.

88.     The Court should impanel a jury to decide that the City has taken the house and garage once located on Plaintiff's property without just compensation and damaged property not taken. *See Livingston*, 284 Va. at 157; *Heldt*, 196 Va. at 483-84.

89.     This Court should impanel a jury to determine just compensation, and the Plaintiffs should be awarded just compensation pursuant to Va. Code § 8.01-187.

## PRAYER FOR RELIEF

Defendant's destruction of the Plaintiff's property was done without the notice required by Due Process, as the destruction is based on Plaintiff's default on a notice in violation of the Servicemember's Civil Relief Act, involved an unreasonable search and seizure under the Fourth Amendment, and constituted a taking for public use without just compensation, Plaintiff requests that this Honorable Court award the following relief:

A. Declare that the City's actions, policies, and practices regarding notice as alleged herein were unlawful as applied to Plaintiff and violated Plaintiff's Due Process rights under the Fifth Amendment and Fourteenth Amendment;

B. Declare that the City proceeded to demolish Plaintiff's property having found Plaintiff in default without regard to Danny Fox's status as an active-duty servicemember;

C. Declare that the City's destruction of Plaintiff's property which did not impose a risk of harm to the public constituted an unreasonable seizure under the Fourth Amendment to the United States Constitution;

D. Declare that the City's destruction of Plaintiff's property which did not impose a risk of harm to the public constituted the taking and damaging of private property for a public purpose without just compensation;

E. Order the default against Plaintiff be vacated and reopen the dispute as to whether Plaintiff's property violated the Virginia Maintenance Code pursuant to 50 U.S.C. § 3931;

F. Order that the lien imposed by the City against Plaintiff's property be released;

G. Order that a jury be appointed to determine damages and just compensation due to Plaintiff for the City's actions;

H.      Award Plaintiff its reasonable attorney's fees, costs of suit, and expenses pursuant

to 42 U.S.C. § 1988, 50 U.S.C. § 4042(b), and Va. Code § 25.1-420.

I.      Grant Plaintiff such further relief as the Court deems necessary and proper in this

case.

### JURY DEMAND

Plaintiff D.A. Realestate Investments, LLC hereby demands a trial by jury on all counts.


**December 13, 2021**                 **D.A. REALESTATE INVESTMENT, LLC**
                                        **DANNY W. FOX**
                                        **TAX MAP 49314300**



By  */s/ Joseph V. Sherman*
           Joseph V. Sherman

Joseph V. Sherman (#86099)
JOSEPH V. SHERMAN, P.C.
324 West Freemason Street
Norfolk, Virginia 23510
Telephone: (757) 350-8308
Facsimile: (757) 351-4663
joe@lawfirmJVS.com