**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| **D.A. REALESTATE INVESTMENT, LLC,** ) | |
| an inactive Virginia limited liability company, ) | |
| ) | |
| and ) | |
| ) | |
| **DANNY FOX** ) | |
| an individual and active-duty servicemember ) | |
| sole owner of D.A. Realestate Investment, LLC, ) | |
| ) | |
| **Real property known as** ) | |
| **Tax Parcel No.: 49314300** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 2:21-cv-653 |
| ) | |
| **CITY OF NORFOLK,** ) | |
| a municipal corporation, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO COMPEL**

Danny Fox and D.A. Realestate Investment, LLC, by counsel, oppose Defendant's

Motion to Compel.  Plaintiffs answered all Interrogatories and Requests for Production by

December 5, 2022.  Plaintiffs supplement their responses to the three (3) requests for admissions

previously objected to on the grounds that the City seeks it to admit questions of law.

**FACTUAL ALLEGATIONS**

The City maintains a work file regarding 615 Walker Avenue since at least as far back as

2016 when it cited the property for violations.  The City demolished the property in 2018.

The City served discovery requests on November 2, 2022.  Plaintiffs timely served the

City with objections on November 16th, objecting to Interrogatories Nos. 4 and 5, Requests for

1

Production Nos. 3, 5, and 6, and Requests for Admissions Nos. 4, 11, 12, and 13.  On December 5th, Plaintiffs provided their answers and responses to the discovery requests, answering all requests to which they did not object, as well as Interrogatories Nos. 4 and 5, Requests for Production Nos. 3, 5, and 6, and Requests for Admissions No. 4, without waiving objections. Plaintiffs declined to answer Requests for Admissions Nos. 11, 12, and 13 on the grounds that they were asking to admit legal conclusions beyond the scope of Rule 36.

On January 3, 2023, the City moved to compel answers to all objected-to discovery responses except Interrogatory No. 5.  The City argues Plaintiffs' objections not well founded and failed to advise the Court that Plaintiffs did answer all discovery requests except for three (3) Requests for Admissions.  The City did not call to discuss before filing.  On January 13, 2023, Plaintiffs supplemented answers to discovery, updating Interrogatory No. 4 with the testimony elicited in Mr. Fox's deposition, made possible by Plaintiffs' answer to Interrogatory No. 4, confirming Plaintiffs do not maintain documents responsive to Requests for Production Nos. 3, 5, and 6 other than those received from the City, and answering Requests for Admissions Nos. 11, 12, and 13.  Supplemental Responses to City's first discovery requests attached as Exhibit A.

## <u>STANDARD OF REVIEW</u>

"No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy."  E.D. Va. Local R. 37(E).

A motion to compel is moot as to any answered discovery request.  *Wonderland Switz. AG v. Britax Child Safety, Inc.*, No.: 0:19-cv-02475, 2020 U.S. Dist. LEXIS 201819, *19 (D.S.C. Oct. 29, 2020) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot." (quoting *Financial Guaranty Insurance Co. v.*

*Putnam Advisory Co., LLC*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016)); *Humanscale Corp. v. CompX Int'l, Inc.*, No. 3:09-CV-86, 2009 U.S. Dist. LEXIS 120197, *8 (E.D. Va. Dec. 24, 2009) (denying as moot where discovery was answered as the Court "cannot compel the production of that which does not exist"); *Neal v. E. Carolina Univ.*, No. 5:17-CV-00186, 2019 U.S. Dist. LEXIS 73103, *11-12 (E.D.N.C. April 29, 2019) (denying motion to compel as moot to answered requests for production); *CSX Transp. v. May*, No. 5:04-CV-83, 2005 U.S. Dist. LEXIS 60625, *7 (N.D.W. Va. May 11, 2005) (same).

## <u>ARGUMENT</u>

The City moves to compel acting as if answered discovery remains unanswered.

### I.      **Plaintiffs provided responses a month before the City's motion.**

The City never mentions that Plaintiffs answered most of the requests referenced in its motion on December 5, 2022.  The City's motion as to these requests is frivolous.

Plaintiffs answered Interrogatory No. 4 on December 5, 2022:

> **OBJECTION:** Plaintiffs object to Interrogatory No. 4 as overbroad and unduly burdensome.
>
> **RESPONSE:** Plaintiffs state that Mr. Fox communicated with the City about the property on several occasions.  Mr. Fox recalls the substance of the conversations dealing with confirming the property boarded and sealed from unlawful entry and the need to keep the property clean, yard mowed, and house boarded.  Mr. Fox also recalls communications with the City regarding plans to remove and replace rotted wood in the soffit of the back corner.

Plaintiffs supplemented their response on January 13, 2023, to incorporate Mr. Fox's deposition.

Plaintiffs admitted Request for Admission No. 4 on December 5, 2022:

4.      Admit that Fox was not the owner of the Property at any time after August 19, 2016.

**OBJECTION:** Plaintiffs object to Request No. 4 on the grounds that it calls for a legal conclusion which cannot be admitted.  Without waiving this objection, the request is denied as Mr. Fox became the owner of the Property as trustee in liquidation to DARI, LLC.

Plaintiffs responded to all requests for production on December 5th stating they did not have any responsive documents.  The City argues that "If [Plaintiffs] do not have any responsive documents, then they should unequivocally say so."  Dkt. 29, p. 4.  Plaintiffs did just that:

3.      Produce copies of all written or recorded communications between you and the City, including any person you believed to be an employee of the City at the time of the communication, relating to the Property that were sent or received between June 1, 2016 and December 31, 2018.

**OBJECTION:**  Plaintiffs object to Request No. 3 as seeking documents in the City's possession known to the City and not Plaintiffs, and otherwise equally available to the City.

**RESPONSE:**  Plaintiffs do not retain responsive documents not in City's possession.

5.      Produce copies of all written or recorded communications between you and any person you believe was acting as an agent or representative of the City of Norfolk at the time you engaged in the communication that occurred between June 1, 2016 and December 31, 2018.

**OBJECTION:** Plaintiffs object to Request No. 5 as seeking documents in the City's possession known to the City and not Plaintiffs, and otherwise equally available to the City.  Plaintiffs further object to Request No. 5 as overbroad and seeking irrelevant information, as it requests records of all communications with the City's agents beyond those relating to the demolition of the subject property.

**RESPONSE:**  Plaintiffs do not maintain responsive documents.

4

6.     Produce copies of all photographs of the interior or exterior of the Property as it appeared between June 1, 2016 and December 31, 2018.

**OBJECTION:** Plaintiffs object to Request No. 6 as seeking documents in the City's possession known to the City and not Plaintiffs, and otherwise equally available to the City.

**RESPONSE:** Plaintiffs do not maintain responsive documents. Plaintiffs will continue to look for an old cellular device which may provide responsive documents. To date, none exist.

Plaintiffs do not understand why the City moves to compel responses to these interrogatories when they advised the City they have no responsive documents. The City maintained a file on the demolition at all stages. Mr. Fox did not because his primary job was to serve as an active-duty servicemember and the City did not provide him notice that it planned to demolish his property. Plaintiffs responded to these requests clarifying Plaintiffs do not have any documents in their possession that the City does not. Plaintiffs received all the responsive documents in their possession from the City in Freedom of Information Act (FOIA) requests and discovery.

Whatever disconnect existed between the City and Plaintiffs that led the City to not realize that the requests were answered could have been resolved had the City complied with Local Rule 37 and called counsel for Plaintiffs to discuss before filing. E.D. Va. Local R. 37(E) (requiring counsel to meet in person or call opposing counsel before filing).

The Court should deny the motion to compel as to these discovery requests, as Plaintiffs fully answered them within the time limits provided by the Rules and the Court cannot compel information which does not exist. *Humanscale Corp.*, 2009 U.S. Dist. LEXIS 120197 at *8.

## II.     Plaintiffs answered the remaining Requests for Admissions.

Plaintiffs declined to answer Requests for Admission Nos. 11, 12, and 13 as asking legal conclusions – whether a Plaintiff met a statutory definition, whether a Plaintiff was a legally valid entity, and whether any City action after July 31, 2018, was an unlawful search. Plaintiffs

5

maintain these requests seek legal answers rather than mixed questions of law and fact.  In the interests of saving the Court's time, Plaintiffs answered these Requests for Admission in supplemental discovery to moot the City's motion to compel.  *See Wonderland Switz. AG*, 2020 U.S. Dist. LEXIS 201819 at *19 *Humanscale Corp.*, 2009 U.S. Dist. LEXIS 120197 at *8; *Neal*, 2019 U.S. Dist. LEXIS 73103 at *11-12; *CSX Transp*,, 2005 U.S. Dist. LEXIS 60625 at *7.

## CONCLUSION

The Court should deny the City's Motion to Compel.  The City fails to disclose that Plaintiffs provided full answers to four (4) of the seven (7) requests it moves to compel.  Plaintiffs answer the other three (3) discovery requests, not worth the City's time to initiate a phone call, moot the City's motion.

**D.A. REALESTATE INVESTMENT, LLC**
**DANNY W. FOX**
**TAX MAP 49314300**

By  */s/ Joseph V. Sherman*
Joseph V. Sherman (#86099)
JOSEPH V. SHERMAN, P.C.
324 West Freemason Street
Norfolk, Virginia 23510
Telephone: (757) 350-8308
Facsimile: (757) 351-4663
joe@lawfirmJVS.com

## CERTIFICATE OF SERVICE

I certify on January 16, 2023, I filed this Memorandum in Opposition to Defendant's Motion to Compel with the Court's electronic filing system, which sends a notice and copy to:

Adam Melita, Esq.
CITY OF NORFOLK
810 Union Street
Norfolk, Virginia 23510

*/s/ Joseph V. Sherman*
Joseph V. Sherman