IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| D.A. REALESTATE INVESTMENT, LLC, ) | |
| ) | |
| and, ) | |
| ) | |
| DANNY FOX, ) | |
| ) | |
| REAL PROPERTY KNOWN AS ) | |
|    TAX PARCEL NO.: 49314300 ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. |
| v. ) | 2:21cv00653-MSD-DEM |
| ) | |
| CITY OF NORFOLK, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION TO COMPEL

Comes now the Defendant, City of Norfolk ("City"), by counsel, pursuant to the Court's Order dated January 16, 2023 (ECF No. 31), and states the following in reply to the opposition filed by Plaintiffs (ECF No. 32) and in further support of its motion to compel (ECF No. 28).

### ARGUMENT

**1.  Issues resolved between the parties**

As a preliminary matter, the majority of the issues raised by the City's motion to compel have now been resolved. Following the filing of that motion, on January 13, 2023, Plaintiffs provided their Supplemental Answers and Responses to the City's discovery requests. *See* ECF No. 32-1. The Plaintiffs' supplemental responses resolved all but one of the issues presented in

the City's motion to compel, and the City respectfully withdraws its motion regarding all of the discovery requests except for Request for Admission No. 4.

## 2.     Request for Admission No. 4 should be ordered admitted

The City moved to compel a response to Request for Admission No. 4 without objection. *See* ECF No. 28, pp. 2-3. The Plaintiffs' brief in opposition to the motion to compel states that they "admitted Request for Admission No. 4 on December 5, 2022," (ECF No. 32, p. 3), but their response – which was not supplemented – plainly states otherwise:

> 4.     Admit that Fox was not the owner of the Property at any time after August 19, 2016.
>
> **OBJECTION:** Plaintiffs object to Request No. 4 on the grounds that it calls for a legal conclusion which cannot be admitted. Without waiving this objection, the request is denied as Mr. Fox became the owner of the Property as trustee in liquidation to DARI, LLC.

*See* ECF No. 32, p. 4.

The Plaintiffs did not respond to the City's argument that this Request for Admission properly concerns either the application of law to facts or a question of fact alone, both of which are within the scope of Rule 36. Fed. R. Civ. P. 36(a)(A) ("A party may serve on any other party a written request to admit…the application of law to fact…."); ECF No. 29, pp. 6-7. The objection that Request No. 4 "calls for a legal conclusion which cannot be admitted" is unfounded and should be overruled.

In addition, Plaintiffs' response to Request for Admission No. 4 fails to address the substance of the Request, which was whether Fox was no longer "the owner of the Property" after a specific date. Rule 36(a)(4) requires that a "denial must fairly respond to the substance of the

matter." The Plaintiffs' denial responds by saying that "Mr. Fox became the owner of the Property as trustee in liquidation to DARI, LLC." Even accepting for purposes of argument the Plaintiffs' "trustee in liquidation" theory, which the City does not concede, a trustee is not an "owner."[1] Yet, whether Fox was not the "owner" after the property was transferred to the LLC is the substance of this Request for Admission. Because the Plaintiffs failed to fairly respond to the substance of the matter, the City respectfully requests that the Court either order that this matter is admitted or that an amended answer be served promptly and without objection, pursuant to Rule 36(a)(6).

For all of the foregoing reasons, and those stated previously in support of the City's motion to compel, the objection to Request for Admission No. 4 should be overruled, the matter should be ordered admitted, and the City should be awarded reasonable costs and expenses related to filing this motion.

**CITY OF NORFOLK**

_____/s/_____
Adam D. Melita
Virginia Bar Number 41716
Kristopher R. McClellan
Virginia Bar Number 86424
Attorney for City of Norfolk
City Attorney's Office
810 Union Street
Norfolk, VA 23510
Phone: 757-664-4366
Fax: 757-664-4201
Email: adam.melita@norfolk.gov
          kristopher.mcclellan@norfolk.gov
Counsel for Defendant

---

[1] The City previously responded to this argument in its reply brief in support of its Motion to Dismiss filed on June 7, 2022, and noted that Va. Code § 13.1-1050.2(C) does not automatically confer any status on the members of a cancelled LLC or operate to automatically transfer title to any of the LLC's property to anyone, whether a member or otherwise. *See* ECF No. 15, p. 6.

**CERTIFICATION**

      I hereby certify that on this 18th day of January, 2023, I will electronically file the foregoing today with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joseph V. Sherman, Esq.
Virginia Bar Number 86099
William B. Newman, Esq.
Virginia Bar Number 97144
Joseph V. Sherman, P.C.
324 West Freemason Street
Norfolk, Virginia  23510
Phone: 757-350-8308
Fax: 757-351-4663
Email: joe@lawfirmJVS.com
        wbn@lawfirmjvs.com
*Counsel for Plaintiffs*

                                        _____/s/_____
                                        Adam D. Melita
                                        Virginia Bar Number 41716
                                        Kristopher R. McClellan
                                        Virginia Bar Number 86424
                                        Attorney for City of Norfolk
                                        City Attorney's Office
                                        810 Union Street
                                        Norfolk, VA 23510
                                        Phone: 757-664-4366
                                        Fax:  757-664-4201
                                        Email: adam.melita@norfolk.gov
                                              kristopher.mcclellan@norfolk.gov
                                        *Counsel for Defendant*